UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| Peter Kofi Annan, )<br>)<br>    *Petitioner,* )<br>)<br>v. )<br>)<br>Loretta Lynch, Attorney General of United States )<br>of America, et al. )<br>    *Respondents.* )<br>) | Civil Action No.: 1:15cv1558<br>(ATJ/MSN) |

## **MOTION FOR ATTORNEY'S FEES**

Petitioner, Peter Kofi Annan respectfully moves the Court to award attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (2012). Petitioner is the prevailing party since he requested summary judgment and the Court granted his motion and remanded his naturalization application to U.S. Citizenship and Immigration Services. Order (Doc. 24). The government cannot show that its position was substantially justified in law and fact at all stages. The EAJA statutory rate should be adjusted for the cost of living.

### FACTUAL BACKGROUND

Petitioner, Peter Kofi Annan applied to U.S. Citizenship and Immigration Services ("USCIS") for naturalization on May 27, 2014. (Doc. 1). USCIS interviewed Mr. Annan September 11, 2014 and denied his application on December 8, 2014. (Doc. 1). On February 4, 2015, Mr. Annan filed a Form N-336, Request for Rehearing on a Decision on Naturalization. This application was denied on July 24, 2015. (Doc. 1). On November 20, 2015, Mr. Annan filed a Petition for Review of Agency Action under the Administrative Procedure Act requesting *de novo*

review of the decision. (Doc. 1). On January 15, 2016, Defendant's filed their answer to the complaint. (Doc. 8).

On February 9, 2016, Mr. Annan filed a motion for summary judgment. (Doc. 10). On February 29, 2016, Defendant's filed a cross-motion for summary judgment. (Doc. 12). On March 31, 2016, both parties presented oral argument on their cross-motions for summary judgment. (Doc. 23). On August 23, 2016, this Honorable Court granted Mr. Annan's motion for summary judgment. The Court remanded the naturalization application to USCIS reversing their prior decision. (Doc. 24-26).

## ARGUMENT

In order to receive attorney's fees and expenses under EAJA, the petitioner must prevail in the action. If the petitioner prevailed and the government cannot meet its burden to prove that its position was "substantially justified," then the Court "shall award" attorney's fees and expenses. 28 U.S.C. § 2412(d)(1)(A) (2012)[1]; *See Broaddus v. United States Army Corps of Eng'rs*, 380 F.3d 162, 166 (4th Cir. 2004). In this case, the petitioner prevailed and the government cannot meet its burden to show that its position was substantially justified. A "cost of living" adjustment to the EAJA statutory rate is appropriate.

---

[1] There are also several other statutory requirements that are clearly met in this case:
  (1) the party seeking attorney's fees must be a nongovernmental party;
  (2) the petitioner's net worth must not exceed $2 million (see Affidavit of Mr. Annan attached);
  (3) the action must be civil and adversarial;
  (4) there are no special circumstances that would make the award unjust; and
  (5) the petitioner files an application for attorney's fees within 30 days of the date that the order becomes final and unappealable. The Court's order became final and unappealable after 60 days, specifically on October 22, 2016. Fed. R. App. P. 4(a)(1)(B). This petition is being submitted within 30 days, on or before November 21, 2016.

### I. Petitioner is the Prevailing Party

Petitioner is the prevailing party in this suit. 28 U.S.C. § 2412(d)(1)(A) (2012). A prevailing party is one who has been awarded "some relief by a court." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 603 (2000). Here, petitioner's motion for summary judgment was granted with a remand to USCIS. The Court's order relieved him of the main injury he complained of: USCIS's erroneous denial of his application for naturalization.

Other courts have found prevailing party status where a district court ordered adjudication of a petitioner's naturalization application under 8 U.S.C. § 1447(b). E.g., Osman v. Mukasey, 553 F. Supp. 2d 1252 (W.D. Wash. 2008); Liu v. Chertoff, 538 F. Supp. 2d. 1116, 1121-22 (D. Minn. 2008).

### II. The Government's Position was not Substantially Justified

The government cannot show that its position was substantially justified. 28 U.S.C. § 2412(d)(1)(A) (2012). "The government bears the burden of demonstrating substantial justification." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (citation omitted). The government must substantially justify both the position it took during the litigation as well as the agency action or failure to act that gave rise to the litigation. 28 U.S.C. § 2412(d)(2)(D) (2012); Commisioner, Immigration and Naturalization Serv. v. Jean, 496 U.S. 154, 158-160 (1990); Dantran, Inc. v. United States Dep't of Labor, 246 F.3d 36, 41 (1st Cir. 2001). Substantial justification is determined based on the record. 28 U.S.C. § 2412(d)(1)(B) (2012). In determining whether the government's position is substantially justified "courts should avoid an issue-by-issue analysis and should consider the totality of the circumstances." See Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138-39 (4th Cir. 1993).

The government's pre-litigation position was not substantially justified as it relied on case law in which divorce decrees were invalidated due to fraud in determining domicile an issue not present in petitioner's case and failed to consider the principle of comity.  The government relied heavily on Furman v. Furman for the proposition that domicile is an absolute requirement in recognition of a foreign divorce. (Doc. 9 at A160).  The Court in Furman found that as a "general" rule good-faith domicile is a prerequisite and took into account that Defendant made no appearance in the Haitian proceeding.  See Furman v. Furman, 3 Va. Cir. 82 (Va. Cir. Ct. 1983).  Moreover, the government relied on Howe v. Howe for their position that domicile was an absolute requirement in recognition of a foreign divorce decree.  The Court in Howe, however, were dealing with an interstate divorce rather than a foreign divorce decree, the purpose of the interstate divorce was specifically to obtain the divorce without the knowledge of the other spouse, and involved recognition of divorce under the Full Faith and Credit Clause of the Constitution which is inapplicable when reviewing a foreign judgment.  See Howe v. Howe, 18 S.E.2d 294 (Va. 1942).

In their denial of the Form N-336, the government took the same position and additionally relied on Jahed v. Acri for their proposition that domicile is an absolute prerequisite.  (Doc. 9 at A199).  The Court in Jahed v. Acri did not make a bright line rule regarding domicile but rather found that domicile is an important factor but also went on to look at contacts with the foreign jurisdiction in rejecting the decree.  See Jahed v. Acri, 468 F.3d 360, 236 (4th Cir. 2006) (emphasis added) ("In sum, neither of Jahed's parents were domiciled in Pakistan at the time of the divorce or prior to the divorce. *Moreover, his parents were neither Pakistani citizens nor married in Pakistan*. Therefore, for purposes of United States immigration law, 5 their Pakistani divorce was not valid and cannot be used to show that Jahed's parents were legally separated pursuant to § 1432(a).")

Courts have found a lack of substantial justification where the government's action violated the Constitution, a statute, or its own regulations. See, e.g., Meinhold v. United States Dep't of Defense, 123 F.3d 1275, 1277-80 *amended* 131 F.3d 842 (9th Cir. 1997) (affirming a finding that the government's position was not substantially justified where the Navy violated its own "Don't Ask, Don't Tell" regulation); Role Models Am., Inc. v. Brownless, 353 F.3d 962, 967 (D.C. Cir. 2004) (awarding attorney's fees where the Army violated regulation on whom it must notify of the availability of Army property to benefit the homeless).

The government's pre-litigation position was clearly not substantially justified. The government failed give proper consider the principle of comity and rather took a rigid position that domicile was the sole dispositive factor in determining whether the Commonwealth of Virginia would recognize the foreign divorce decree in determining whether to accept a foreign divorce decree when both parties to the divorce were citizens of Ghana, were married in Ghana, were represented during the divorce, and neither party objected to the execution of the divorce. The principle cases relied upon by the government during litigation dealt with obtaining divorce decrees through fraudulent means including forum shopping for the express purpose of denying their spouse the opportunity to respond to the divorce suit. (Doc. 14, Opp'n at 12, 14, 17). In the instant matter, none of these nefarious motives were present in obtaining the divorce decree. Viewing the totality of the circumstances, the government's position pre-litigation and during litigation was not substantially justified.

### III.   Calculation of Attorney's Fees

A "cost of living" adjustment to the EAJA statutory rate of $125 per hour for attorney services is appropriate. The EAJA statutory rate of $125 per hour was set in 1996, and the statute

allows for increases based on the cost of living. 28 U.S.C. § 2412(d)(2)(A) (2012). "[C]ourts routinely approve cost-of-living adjustments."[2] Most courts calculate the cost of living adjustment based on the Consumer Price Index for All Urban Consumers (CPI-U). See, e.g., Sullivan v. Sullivan, 958 F.2d 574, 577 n.6 (4th Cir. 1992). The formula that is most often used for calculating the cost of living adjustment is:

$$\$125 \quad \times \quad \frac{\text{(current CPI-U)}}{\text{(March 1996 CPI-U)}}$$

See, e.g., Thangaraja, 428 F.3d at 876-77; Role Models Am., Inc. v. Brownless, 353 F.3d 962, 969 (D.C. Cir. 2004).

Applying the formula to this case yields a rate of $194.07 per hour. The March 1996 CPI-U is 155.7.[3] The CPI-U for October, 2016 (the latest month for which data are available) is 241.729:[4]

$$\$125 \quad \times \quad \frac{241.729}{155.7} = \$194.07$$

Counsel, Jasmin Tohidi expended 28.05 hours on this case and lead Counsel, Randall L. Johnson spent 2.8 hours. Affidavit of Jasmin Tohidi (attached); Affidavit of Randall L. Johnson (attached). Multiplying 30.85 by the rate of $194.07 per hour yields a total amount of $5,987.06. Mr. Annan requests an award of $5,987.06 for attorney services.

---

[2] Role Models Am., Inc. v. Brownless, 353 F.3d 962, 969 (D.C. Cir. 2004) (quoting Gregory C. Sisk, The Essentials of the Equal Access to Justice Act (Part Two), 56 La. L. Rev. 1, 128 (1995)).

[3] Bureau of Labor Statistics, Consumer Price Index: March 1996, April 12, 1996, *available at* http://www.bls.gov/news.release/history/cpi_041296.txt.

[4] Bureau of Labor Statistics, Consumer Price Index Summary, October, 2016, *available at* http://www.bls.gov/news.release/cpi.t01.htm.

The total amount requested for attorney's fees and expenses is $5,987.06.  Mr. Annan assigned this fees to undersigned counsel.  Affidavit of Peter Annan (attached).  Fees should be paid directly to undersigned counsel, Randall L. Johnson, via a check sent to counsel's firm address written below.

## CONCLUSION

For these reasons, petitioner, Peter Annan respectfully asks the Court to award her attorney's fees and expenses of $5,987.06, payable to his attorney of record Randall L. Johnson at the address below.

Respectfully submitted,

/s/ Randall L. Johnson
Randall L. Johnson
Attorney for Petitioner, Peter K. Annan
Johnson & Associates, P.C.
2000 Clarendon Blvd, Suite 201
Arlington, Virginia 22201
(P) (703)516-4400
(F) (703)516-9089
RL.Johnson@verizon.net

<u>Certificate of Service</u>

On this November 21, 2016, I filed this "Motion for Attorney's Fees" and any attached pages with the Clerk of Court using the CM/ECF filing system, which will send a notice of electronic filing to the following counsel of record:

Dennis C. Barghaan, Jr.
Assistant United States Attorney
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3891 (direct)
(703) 299-3983 (fax)
Dennis.barghaan@usdoj.gov
Attorney for the Respondents


<u>/s/ Randall L. Johnson</u>
Randall L. Johnson
Attorney for Petitioner, Peter K. Annan